**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ARTHUR HOUGHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0869 (ABJ) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

This action involves requests made by plaintiff Arthur Houghton ("Houghton") to the Department of State ("State") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), and the Privacy Act, 5 U.S.C. § 552a (effective July 21, 2010), seeking (1) "Any dossier or paper, referencing Arthur Houghton, Arthur A. Houghton, Arthur A. Houghton III, or any other variant of that name prepared or submitted by, or compiled in connection with, any proceeding of the Cultural Property Advisory Committee by committee member Joan Connelly"; and (2) "The transcript of any proceeding reflecting the use of any such dossier or paper." Exs. 3, 5 to Grafeld Decl. [Dkt. # 16-1]. The facts of this case are set forth in detail in the Court's July 12, 2012, Memorandum Opinion ("Mem. Op.") [Dkt. # 22].

On July 12, 2012, this Court issued an Order granting in part and denying in part State's motion for summary judgment. *See* Order of July 12, 2012 ("Order") [Dkt. # 21]. On the issue of whether State had conducted an adequate search for records responsive to plaintiff's request, the Court accorded the declarations submitted by State a presumption of good faith and found that the only doubt remaining was whether State should have searched Connelly's email account.

Mem. Op. at 6–12.  Accordingly, the Court ordered State to "submit to the Court an additional brief explaining whether Connelly utilized a State Department email account at any point during the relevant time period, and if so:  (1) setting out a schedule for searching the email account and producing either the responsive documents or a Vaughn index asserting FOIA exemptions, or (2) explaining why FOIA does not require it to search the email files in this case."  Order at 1.

In response to this Order, State submitted a declaration from Sheryl Walter ("Walter"), the current director of the Office of Information Programs and Services at State, which is the office responsible for responding to FOIA requests.  Walter Decl. [Dkt. # 23-1] ¶ 2.  Specifically, Walter explained that through communication between employees at IPS and employees at the Bureau of Educational and Cultural Affairs ("ECA") – the component of State where the Cultural Property Advisory Committee ("CPAC") is housed – she learned that "Professor Connelly has never had a Department of State email account," that "[CPAC] members are not issued Department of State email accounts," and that "any emails that Professor Connelly might have sent to ECA would have been captured in the earlier searches for records responsive to [Houghton's] request."  Walter Decl. ¶ 4.  Since plaintiff has not provided evidence that would cause the Court to doubt that the agency conducted its search in good faith, the Court accords the Walter declaration a presumption of good faith.  *Defenders of Wildlife v. U.S. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004), citing *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Walter's statement that Professor Connelly never maintained a Department of State email account negates any "substantial doubt" about the adequacy of the search that might have been raised by plaintiff's argument that State failed to address why it did not search emails sent or received by Connelly.  *See* Pl.'s Opp. at 5; *cf. Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d

321, 326 (D.C. Cir. 1999) ("[I]f a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials, summary judgment is inappropriate.") (internal quotation marks and citations omitted).  Therefore, and for the reasons stated in the July 12 Memorandum Opinion, the Court finds that State has demonstrated "beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  *Valencia-Lucena*, 180 F.3d at 325, quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

In conclusion, the Court will now grant the portion of State's motion for summary judgment [Dkt. # 16] that relates to the adequacy of its search.  In light of the Court's July 12, 2012 Order [Dkt. # 21], summary judgment will be granted for defendant Department of State in full.  A separate order will issue.


AMY BERMAN JACKSON
United States District Judge

DATE:  August 2, 2012